IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

RACHEL KITTL,

    Plaintiff,

v.

JOSEPH C. KEMPE PROFESSIONAL ASSOCIATION,
A Florida profit corporation, and
JOSEPH C. KEMPE, individually,

    Defendants.

_____/

## COMPLAINT

COMES NOW Plaintiff, RACHEL KITTL, [herein referred to as "Plaintiff"], by and through her undersigned attorney and hereby files this Complaint against Defendants, JOSEPH C. KEMPE PROFESSIONAL ASSOCIATION, a Florida profit corporation and JOSEPH C. KEMPE, individually, and as grounds therefore alleges as follows:

## JURISDICTION, PARTIES AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA"), for unpaid overtime.

3. This court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff, RACHEL KITTL is a resident of Palm Beach County, Florida.

5. Upon information and belief, Defendant, JOSEPH C. KEMPE is believed to be a resident of Palm Beach County.

6. Defendant, JOSEPH C. KEMPE PROFESSIONAL ASSOCIATION has a principal address at 941 N. Highway A1A, Jupiter, FL 33477.

7. This cause of action arose in Palm Beach County.

8. Palm Beach County, Florida is proper venue for this action because Plaintiff resides in Palm Beach County and at all times material hereto, Plaintiff was employed by and had dealings with Defendants in Palm Beach County, Florida.

9. Defendants, and each of them, failed to pay Plaintiff the mandatory wages as required under federal law.

10. Individual Defendant, JOSEPH C. KEMPE, is registered with the Florida Division of Corporations as the director (sole officer); and is the sole shareholder of Joseph C. Kempe Professional Association.

11. Individual Defendant JOSEPH C. KEMPE was a joint employer of Plaintiff as that term is defined under the FLSA. He had exclusive operational control over the law practice where Plaintiff worked, was responsible for paying wages to employees, managing workers, managing the business, and classifying employees as exempt or non-exempt.

12. Defendant JOSEPH C. KEMPE PROFESSIONAL ASSOCIATION has annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

13. Defendants, at all times material hereto, were an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

## COMMON ALLEGATIONS

14. Plaintiff was employed with Defendants in the position of paralegal from on or about December 1, 2017 up to and including her separation on September 7, 2018.

15. Plaintiff was at all times a non-exempt employee for purposes of FLSA.

16. Plaintiff's position was of paralegal, which involved responsibilities such as opening and preparing estate administration documents, client meetings, meetings with financial institutions for depository accounts, maintain files, and attend biweekly WIP meetings.

17. Defendants failed to pay Plaintiff the mandatory wages as required under federal law.

18. Plaintiff regularly worked over forty (40) hours in a given work week.

19. Without the benefit of records from the Defendant plaintiff's good faith recollection is she worked 3 hours a week without being paid overtime.

20. Defendants failed to pay Plaintiff overtime as required by Federal law.

21. Plaintiff is a non-exempt employee under the FLSA.

22. Plaintiff was not paid time and one half her hourly rate for hours worked over forty (40) in a work week.

23. Plaintiff's job duties were such that she herself was individually engaged in commerce.

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207
## AS TO DEFENDANT JOSEPH C. KEMPE PROFESSIONAL ASSOCIATION

Plaintiff re-alleges Paragraphs 1 through 23 as set forth herein.

24. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

25. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks she was employed with the Defendant.

26. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendants.

27. Defendant, failed to compensate Plaintiff up to one and a half times her hourly rate for all worked performed in excess of forty (40) hours.

28. The Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.  Plaintiff is aware of hours for which she was not compensated in the preceding period of time.

29. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

30. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

31. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

32. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against the Defendant as follows:  The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

//

//

## COUNT II
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207
## AS TO DEFENDANT JOSEPH C. KEMPE

Plaintiff re-alleges Paragraphs 1 through 23 as set forth herein.

33. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

34. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks she was employed with the Defendant.

35. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendant.

36. Defendant, failed to compensate Plaintiff up to one and a half times her hourly rate for all worked performed in excess of forty (40) hours.

37. The Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.  Plaintiff is aware of hours for which she was not compensated in the preceding period of time.

38. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

39. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

40. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

41. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in her favor and against the Defendant as follows:  The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated this 13th day of May 2020.

        SCOTT WAGNER & ASSOCIATES, P.A.
        Jupiter Gardens
        250 South Central Boulevard
        Suite 104-A
        Jupiter, FL 33458
        Telephone: (561) 653-0008
        Facsimile: (561) 653-0020

        s/Cathleen Scott
        Cathleen Scott, Esq.
        Florida Bar Number 135331
        Primary e-mail: CScott@scottwagnerlaw.com
        Secondary e-mail: mail@scottwagnerlaw.com
        Secondary Address: 101 Northpoint Parkway
        West Palm Beach, FL 33407
        www.ScottWagnerLaw.com